# In the United States Court of Federal Claims

No. 19-1328C
(Filed: September 9, 2019)

* * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| WINSTON-SALEM INDUSTRIES<br>FOR THE BLIND, INC., d/b/a IFB SOLUTIONS<br><br>*Plaintiff*,<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant*. | Bid protest; Motion to Intervene; CICA Stay Override; Intervene as Matter of Right RCFC 24(a)(2) |

* * * * * * * * * * * * * * * * * * * *

*Jessica C. Abrahams,* Washington, D.C. for plaintiffs, with whom was *John G. Horan*.

*Corinne A. Niosi*, Senior Trial Attorney United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC.

ORDER

Pending in this bid protest proceeding is a motion to intervene by PDS Consultants, Inc. ("PDS"). The action in chief was filed by plaintiff, Winston-Salem Industries for the Blind, d/b/a IFB Solutions ("IFB"). PDS and IFB are and apparently have been for some time competitors for prescription eyeglasses and optician services being sought by the United States Department of Veteran Affairs ("VA"). The parties have been in litigation in this court, the Federal Circuit, and the General Accountability Office ("GAO") on earlier occasions, but the limited action currently pending is IFB's complaint, filed here on August 30, 2019, in which it seeks to overturn an "override" decision by the VA. The override decision followed two earlier actions. The first was by IFB, when it filed a pre-award protest challenging VA's intent to award a contract to PDS with the GAO on August 13, 2019, thereby triggering an automatic stay of award to PDS. The second was by PDS, when it filed a post-award protest with the GAO challenging VA's extension of IFB's contract on August 15, 2019, thereby triggering a

second automatic stay. On August 27, 2019, the VA issued its Determination and Findings overriding the August 13, 2019 statutory stay.

On September 4, 2019, we held a telephonic status conference with plaintiff, defendant, and putative intervenor, PDS. During the status conference, PDS indicated that it would file a motion to intervene, which plaintiff indicated that it would oppose. Defendant represents that it does not oppose intervention. PDS's motion was filed the same day, and is thus plainly timely. We directed plaintiff to file its response to the motion to intervene on or before September 6, 2019, and for PDS to file its reply (if any) on or before September 9, 2019. The matter is now fully briefed, and argument is deemed unnecessary. For the reasons set out below, we grant the motion.

PDS requests that this court hold that it is entitled to intervene as a matter of right pursuant to Rule 24(a)(2) of the Rules of the United States Court of Federal Claims ("RCFC") because its motion is timely, because it has an interest that could be impaired by the disposition of this action, and because the existing parties do not adequately represent its interests. Alternatively, PDS requests permission to intervene by permission under RCFC 24(b).

RCFC 24(a)(2), provides that:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

RCFC 24(a)(2); *see also Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989) (stating that "[i]ntervention is proper only to protect those interests which are of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment.") (internal quotations & citations omitted). Furthermore, the Federal Circuit has held that "the requirements for intervention are to be construed in favor of intervention." *Am. Mar. Transp.*, 870 F.2d at 1561 (citations omitted).

PDS asserts that it has a direct interest in IFB's challenge to the override decision, and it is difficult to conceive how it would not. If the override decision is sustained, PDS will continue to perform on the contract issued to it by the VA. If the override decision is reversed, the Competition in Contracting Act[1] stay that went into effect upon the August 13, 2019 GAO protest brought by IFB goes back into effect during the pendency of that protest and PDS loses that work to IFB, albeit with some additional fancy footwork by the agency, because IFB's prior contract extension for the same work at issue here ended on August 31, 2019. PDS's business interest is not identical to that of the government. PDS wants to do the work. The government also wants PDS to do the work, but its larger concern is that someone, not necessarily PDS, does the work.

> Plaintiff's argument to the contrary is, in part, as follows:
>
> PDS is not "so situated that disposing of this case will impair or impede its ability to protect its interest" for the simple reason that PDS does not have an interest under the Competition in Contracting Act in the VA's override. The Competition in Contracting Act, 31 U.S.C. § 3553 provides only two parties with an interest in the stay and the override. Pursuant to 31 U.S.C. 3553(c), the protestor – in this case IFB – has an interest in the stay after filing a timely protest, and the Federal agency subject to the stay – in this case, the VA – has an interest in overriding the stay if it can demonstrate urgent and compelling need. Nowhere in CICA does an awardee – in this case, PDS – have either an interest to seek or pursue an override of a stay. Thus, PDS has no interest that this case will impair or impede under Rule 24(a).

Pl.'s Resp. Br. 5, ECF No. 25. The fact that an awardee does not have an "interest to seek or pursue an override of a stay," is a non sequitur. It certainly does not lead to IFB's *obiter dicta* that it and the VA are the only entities with an interest in the override. That is obviously incorrect. The fact that it was IFB, and not PDS, that filed the protest at GAO and that the VA entered the override merely states the obvious. But, an override decision presumes,

---

[1] IFB's protest triggered an automatic stay pursuant to the Competition in Contracting Act, 31 U.S.C. § 3553, and therefore VA was unable to proceed with the planned award of a contract to PDS. As a result of the stay, VA extended IFB's contract for 16 calendar days through August 31, 2019.

indeed requires, the prior award of a contract to the putative awardee, who thereby loses out on the right to perform.

The more problematic issue is whether PDS's interests are adequately protected by the government's defense of the override decision. Admittedly, in all likelihood, PDS will not have much to add to the agency's defense on the merits. Like the agency, PDS is limited to the same record and arguments regarding it. Nevertheless, particularly in this case, where the override is the culmination of a convoluted history of competing contract awards, extensions, and cross-protests filed at GAO, and when IFB's contract vehicle apparently is extinguished, it makes sense to have the putative awardee on hand to contribute to any discussion of harm, remedy, or availability to perform.

Plaintiff's other arguments in opposition are equally contrived. The possibility that PDS might seek to supplement the record inappropriately is not a basis for excluding it up front from defending its interests. Nor is PDS obligated to rely on IFB's assurances that "the government can fully defend its Determination and Findings." *Id.* Plaintiff's other arguments merely constitute early skirmishing with respect to the merits of this protest.

In this case, PDS has an "interest relating to the property or transaction that is the subject of [this] action." RCFC 24(a)(2). Therefore, any final judgment in favor of plaintiff will "impair" PDS's "ability to protect its interest." *Id.* For the reasons stated above, this court grants PDS's motion to intervene as a matter of right pursuant to Rule 24(a)(2).

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge