# In the United States Court of Federal Claims
No. 19-1328C
(Filed: September 20, 2019)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

WINSTON-SALEM INDUSTRIES
FOR THE BLIND, INC., d/b/a IFB SOLUTIONS,

                *Plaintiff*,

v.

THE UNITED STATES,

                *Defendant*,

and

PDS CONSULTANTS, INC.,

                *Intervenor*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ORDER

      Plaintiff, Winston-Salem Industries for the Blind, d/b/a IFB Solutions ("IFB") contests a United States Department of Veterans Affairs ("VA") decision to override the automatic stay[1] required by the Competition in Contracting Act ("CICA"), 31 U.S.C. § 3553 (2012), arguing that VA's decision was an irrational, arbitrary, and capricious abuse of discretion. On August 30, 2019, plaintiff filed its motion for immediate declaratory and injunctive relief.

---

[1] On August 27, 2019, VA issued its Determination and Findings in which it decided to override the CICA stay triggered by IFB's August 13, 2019 pre-award protest with GAO, resulting in the award of a sole source contract to PDS Consultants, Inc., effective August 31, 2019.

Pursuant to the United States Government Accountability Office's ("GAO") September 18, 2019 decision[2] dismissing IFB's protest, plaintiff's motion in this case is rendered moot as GAO's dismissal of IFB's protest eliminates the CICA stay. As such, this case is dismissed without prejudice. Clerk of the Court is directed to enter judgment accordingly.

                                              s/Eric G. Bruggink
                                              ERIC G. BRUGGINK
                                              Senior Judge

---

[2] GAO concluded that IFB's suit before the District Court for the District of Columbia addresses the same matter challenged in the protest in GAO's office, thus dismissal is warranted.